# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERICO ARENAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9359-JWL-TJJ |
| ) | |
| UNIFIED SCHOOL DISTRICT NO.223, ) | |
| JOHNSON COUNTY, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Discovery (ECF No. 25). Pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.1, Defendant asks the Court to order Plaintiff to fully answer Interrogatory No. 6 of Defendant's First Set of Interrogatories to Plaintiff and produce all documents responsive to Request No. 11 of Defendant's First Requests for Production of Documents to Plaintiff. As set forth below, the Court grants Defendant's motion.

## I.   Relevant Background

On May 9, 2016, Defendant served Plaintiff with Defendant's First Set of Interrogatories and First Requests for Production.[1] With Defendant's permission, Plaintiff served his initial responses on July 1, 2016, and committed to quickly supplement missing interrogatory answers.[2] Plaintiff did so ten days later.[3] Before Plaintiff served his supplemental answers, however, by email Defendant's counsel requested a telephone conference to discuss Plaintiff's discovery

---

[1] *See* ECF No. 14.

[2] *See* ECF No. 26-1.

[3] *See* ECF No. 22.

1

responses.[4]  Counsel spoke by phone on July 12, and on July 20 Defendant's counsel sent an email to Plaintiff's counsel confirming the conversation and offering legal support for her position.[5]  On July 22, Plaintiff's counsel responded but did not agree to provide the discovery at issue in this motion.[6]  Finally, on July 26, Defendant's counsel sent one last email asking for a commitment to provide the requested discovery before filing this motion to compel on August 1.[7]

As of the filing of the instant motion, Defendant contends Plaintiff had failed or refused to respond to Interrogatory Nos. 5, 6, 7, and 8, and had not produced employment records in response to RFP Nos. 10 and 11 or executed an Employment Record Authorization in connection therewith.

Counsel began their discussion of the sufficiency of Plaintiff's discovery responses with a telephone conversation.  Defense counsel's affidavit and attached emails indicate what followed was a back-and-forth stemming from that conversation.  The Court therefore finds the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[8]

## II.   Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.  As

---

[4] *See* ECF No. 26-3 at 1, 3-4.

[5] *See id.* at 1, 5-6.

[6] *See id.* at 1, 7.

[7] *See id.* at 1, 8.

[8] Plaintiff takes issue with Defendant's assertion of compliance with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  He appears to argue Defendant should have asked for an extension of time to file its motion to compel, as he ultimately provided much of the discovery Defendant seeks in its motion.  *See* ECF No. 34 at 1.  Plaintiff's additional production occurred after Defendant filed the motion to compel.  While the Court encouraged the parties to contact the undersigned Magistrate Judge before filing a motion to compel, it imposed no such requirement.  *See* ECF No. 16 at 10-11.

recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[9]

Considerations of both relevance and proportionality now govern the scope of discovery.[10] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] Information still "need not be admissible in evidence to be discoverable."[12] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[13]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[14] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the

---

[9] Fed. R. Civ. P. 26(b)(1).

[10] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[12] Fed. R. Civ. P. 26(b)(1).

[13] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[14] *Id.*

pre-amendment Rule.[15]  In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[16]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[17]  Relevancy determinations are generally made on a case-by-case basis.[18]

## III. Analysis

Defendant seeks an order compelling Plaintiff to fully answer Interrogatory No. 6 and to provide all documents responsive to RFP No. 11.  The Court considers each in turn.[19]

### A. Interrogatory No. 6

In his amended complaint, Plaintiff asserts a violation of the Fair Labor Standards Act ("FLSA"), alleging Defendant failed to pay him overtime wages for work in excess of forty hours per week.[20]  In Interrogatory No. 6, Defendant seeks the following information:

---

[15] *Id.*

[16] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[17] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[18] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[19] In addition, Defendant originally sought an order compelling Plaintiff to provide complete answers to Interrogatory Nos. 5, 7, and 8, and to execute an Employment Record Authorization to permit Defendant to obtain documents responsive to RFP Nos. 10 and 11.  Plaintiff apparently satisfied those requests before filing his response to the motion.

[20] ECF No. 9 at 6-7.

> With respect to the allegations contained in your Complaint, paragraph 58, state:
>
> (a) The day(s) and date(s) on which you allegedly worked in excess of 40 hours per week?
>
> (b) Whether you ever requested payment from the District, and if so, when and to whom?[21]

Plaintiff's ultimate answer, contained in his Second Supplemental Answers, states as follows:

> Plaintiff objects that the interrogatory asks him to provide information which the Defendant is otherwise legally obligated to maintain. Plaintiff states the following to the best of his ability and knowledge without the benefit of records the employer is required to maintain:
>
> Following the time that Dr. Kathy McDonald took over as principal, Plaintiff (and his colleagues Leonor Reyes and Pedro Mejia) worked overtime hours on Saturdays and Sundays during the winter months, but didn't ever receive payment of his wages for the overtime worked. Previously, under Dr. Mark Heck, Plaintiff did receive overtime pay for such work. On information and belief, Dr. McDonald's secretary documented the time and allegedly transferred such overtime as "Comp Time" and added it to his sick leave balance. Plaintiff spoke to Harry Rodriguez about the non-payment issue who told Plaintiff that Dr. MacDonald didn't like to pay overtime. Plaintiff also told Tom Lillis about this issue in the meeting just before Plaintiff was fired.[22]

Defendant argues Plaintiff's answer is incomplete because it lacks dates and years. Moreover, Defendant states it had produced to Plaintiff all of his time and payroll records before Plaintiff served this Second Supplemental Answer.

Plaintiff's Second Amended Complaint alleges Defendant failed to pay him overtime wages in violation of the FLSA. To establish liability under the FLSA on a claim for unpaid

---

[21] ECF No. 36-1 at 2.

[22] *Id.* at 3.

overtime, a plaintiff must prove he performed work for which he was not properly compensated.[23] The FLSA requires employers to keep accurate records of the hours their employees worked.[24] "When the employer has kept proper and accurate records the employee may easily discharge his burden [to prove damages] by securing the production of those records."[25]  If the employer's records are inaccurate or inadequate, however, the employee can meet his burden if he proves he performed the work for which he was improperly compensated and produces sufficient evidence to show the amount and extent of that work.[26]  Plaintiff need not have precise records, however, but may present a claim for damages based on his estimate derived from his recollection of actual hours worked.[27]

The FLSA's structure with respect to who bears the burden on damages for overtime wages informs the Court's ruling on this interrogatory.  Defendant states it has produced all of Plaintiff's time and payroll records.  If Plaintiff is satisfied that Defendant's records adequately demonstrate the work Plaintiff alleges he performed but for which he was not properly compensated, Plaintiff need not supplement this interrogatory answer.  On the other hand, if Plaintiff challenges the accuracy or adequacy of Defendant's records, (i.e. alleges those records omit time worked) as the Court presumes he does, Plaintiff must provide an answer to Interrogatory No. 6 to the best of his knowledge and belief.  Plaintiff's answer must indicate the day(s) and date(s) he believes he

---

[23] *Koehler v. Freightquote.com, Inc.*, No. 12-cv-2505, 2015 WL 4203962, at *25 (July 10, 2015) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)).

[24] 29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him .").

[25] *Anderson*, 328 U.S. at 687.

[26] *Id.*

[27] *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1232, 1236 (D. Kan. 2005).

worked in excess of 40 hours per week which are not reflected in Defendant's records. If Plaintiff has no recollection or information as to when he allegedly worked in excess of 40 hours per week beyond his current answer, he shall so state. If he recalls or has information with more details, he shall further supplement his answer. Either way, Plaintiff shall also answer part (b) of Interrogatory No. 6 which asks if, when, and to whom he requested overtime payment from Defendant.

### B. Request for Production No. 11

In addition to his FLSA claim, Plaintiff asserts claims for FMLA violation, discrimination and retaliation under the ADA, and retaliatory discharge.[28] He seeks damages for, among other items, lost wages and benefits.[29] In its answer, Defendant contends Plaintiff failed to mitigate his damages.[30] Consistent with that defense, Defendant requests the following documents in RFP No. 11.

> Documents reflecting the income that you have earned from each employer or any other source since August 2014.[31]

Plaintiff did not object to the RFP, but indicated by Bates numbers the responsive documents he had produced. Defendant states Plaintiff did not produce all the information called for in RFP No. 11 because he has not provided payroll information from SPX, the employer for whom Plaintiff worked before and after his separation from Defendant School District. Defendant contends these payroll records will disclose whether Plaintiff had an opportunity to mitigate his claimed damages through his post-discharge employment with SPX.

---

[28] ECF No. 9 at 4-8.

[29] *Id.* at 5-8.

[30] ECF No. 10 at 9.

[31] ECF No. 26-5 at 4.

7

The Court agrees Defendant is entitled to these documents, and Plaintiff shall provide them.

### C. Verification of Interrogatory Answers

Defendant asserts Plaintiff has not executed the verification page for any of his interrogatory answers. Plaintiff shall do so.

## IV. Sanctions

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[32] The court must not order payment, however, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust.[33]

In its motion, Defendant makes no request for sanctions, and the Court finds under the applicable standard that none should be imposed. Plaintiff provided more discovery responses after receiving Defendant's motion, and the Court's ruling on Interrogatory No. 6 recognizes the possibility that Plaintiff has no additional substantive information with respect to part (a) of that interrogatory. Accordingly, the Court will not impose sanctions.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Discovery (ECF No. 25) is **GRANTED** with respect to Request for Production No. 11**.**

**IT IS FURTHER ORDERED THAT** Plaintiff's objection to Interrogatory No. 6 is **OVERRULED** and Defendant's Motion to Compel Discovery (ECF No. 25) is **GRANTED** with respect to Interrogatory No. 6. Plaintiff shall answer part (b) of Interrogatory No. 6. If Plaintiff

---

[32] Fed. R. Civ. P. 37(a)(5)(A).

[33] Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The rule also provides no such payment shall be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i). The Court has found to the contrary.

challenges the accuracy or adequacy of Defendant's records of Plaintiff's hours and wages, Plaintiff must provide an answer to Interrogatory No. 6 to the best of his knowledge and belief. Plaintiff's answer must indicate the day(s) and date(s) he believes he worked in excess of 40 hours per week which are not reflected in Defendant's records.   If Plaintiff has no recollection or information as to when he allegedly worked in excess of 40 hours per week beyond his current answer, he shall so state.   If he recalls or has information with more details, he shall further supplement his answer.

**IT IS FURTHER ORDERED THAT** Plaintiff shall execute the verification page for his Interrogatory answers.

**IT IS FURTHER ORDERED THAT** Plaintiff shall comply with this order within seven (7) days.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
