# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERICO ARENAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9359-JWL-TJJ |
| ) | |
| UNIFIED SCHOOL DISTRICT NO.223, ) | |
| JOHNSON COUNTY, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Protective Order and Objections to Plaintiff's Fourth Amended Rule 30(b)(6) Notice of Videotaped Deposition Duces Tecum (ECF No. 40). Pursuant to Fed. R. Civ. P. 26(c) and 30(b)(6), Defendant asks the Court to issue a protective order that would (1) preclude Plaintiff's counsel from operating video equipment during the Rule 30(b)(6) deposition Plaintiff has noticed and (2) limit the scope of the document production and topics in connection with the deposition. As set forth below, the Court grants the motion in part and denies it in part.[1]

**I.   Relevant Background**

On September 4, 2016, Plaintiff served on Defendant Plaintiff's Amended Rule 30(b)(6) Notice of Videotaped Deposition Duces Tecum. The notice lists thirty subjects for which Plaintiff seeks testimony and "all documents that contain the information that reflects the testimony provided."[2] The Court construes the notice as designating 30 matters for examination

---

[1] Plaintiff has also filed a Motion for Leave to File a Surreply to Defendant's Motion for Protective Order (ECF No. 49). The Court grants the motion.

[2] ECF No. 40-7 at 1.

1

pursuant to Rule 30(b)(6) and a request for production of documents pursuant to Rule 34.[3]

The September 4 notice was the fourth one Plaintiff served. The first, which purports to be a Rule 30(b)(6) notice of deposition duces tecum with seventeen designated matters, was served on May 6 and set the deposition for June 21, 2016 or another mutually agreeable date.[4] Defense counsel notified Plaintiff's counsel that the selected date was inconvenient and in a telephone conversation explained Defendant's objections to the breadth of the document requests.[5] On July 1, Plaintiff served an amended notice of deposition duces tecum with the same seventeen designated matters, setting the deposition for July 12, 2016.[6]

On July 8, Plaintiff served an amended notice of deposition duces tecum with the same seventeen designated matters, setting the deposition for July 19, 2016.[7] This notice included for the first time the statement that "the deposition may be videotaped."[8] That same day, defense counsel proposed a telephone conference to Plaintiff's counsel to talk about Plaintiff's responses to the interrogatories and requests for production of documents and to "talk about a couple of the topics on the notice [of deposition duces tecum]."[9] In its motion, Defendant states that counsel conferred by phone but offers no description of the substance of the conversation.

---

[3] *See* Fed. R. Civ. P. 30(b)(6) ("In its notice, . . . a party may name as the deponent a . . . governmental agency, . . . and must describe with reasonable particularity the matters to be examined."); Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.").

[4] ECF No. 40-1.

[5] *See* ECF No. 40 at 1.

[6] ECF No. 40-2.

[7] ECF No. 40-3.

[8] *Id.* at 1.

[9] ECF No. 40-4.

Plaintiff once again postponed the deposition, serving his third amended notice on August 2, 2016 and setting the deposition for August 9.[10] This time the notice states that "the deposition will be videotaped by Plaintiff's counsel,"[11] and lists the same seventeen designated matters. On August 5, 2016, Defendant's counsel sent an email to Plaintiff's counsel stating her belief that the District of Kansas Deposition Guidelines do not permit a party's attorney to operate the video equipment during a deposition.[12] She repeated that position in the objections and responses to the deposition notice she filed that day.[13]

On August 8, 2016, counsel spoke by phone and discussed Defendant's objections. During the call, Plaintiff's counsel decided to indefinitely postpone the deposition and asked Defendant's counsel to voluntarily produce the documents requested in the deposition notice. Defendant's counsel agreed to produce documents, subject to the stated objections, to the extent she could determine what the notice requested. On August 11, 2016, Defendant produced those documents it had not already produced in its Rule 26 disclosures.[14]

Without consulting with Defendant's counsel, Plaintiff served—but did not file—his fourth amended 30(b)(6) notice on September 4, 2016, setting the deposition for October 7, 2016.[15] The notice repeats the statement that Plaintiff's counsel will videotape the deposition, and increases from seventeen to thirty the number of designated matters.

---

[10] ECF No. 27. Plaintiff served but did not file the earlier notices.

[11] *Id.* at 1.

[12] ECF No. 40-5.

[13] ECF No. 28.

[14] *See* ECF No. 40-6.

[15] ECF No. 40-7. Defendant's counsel states she has advised Plaintiff's counsel that the date is not acceptable.

Plaintiff disagrees that Defendant complied with its obligation to confer pursuant to Local Rule 37.2.[16] Defendant's counsel has submitted an affidavit which the Court finds adequately demonstrates that the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[17]

## II.     Legal Standard for Protective Order

Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part, that for good cause the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[18] The party seeking the protective order has the burden of demonstrating good cause for it.[19] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[20] Even upon a showing of good cause, however, the Court also considers other factors that were or could have been presented by the party seeking discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[21]

---

[16] *See* ECF No. 49-1 at 1-6.

[17] ECF No. 46-1.

[18] Fed. R. Civ. P. 26(c)(1)(A).

[19] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[20] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[21] *See Citimortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012).

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[22] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[23] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[24]

### III.   Defendant's Objection to Plaintiff's Counsel Videotaping the Deposition

Plaintiff's Fourth Amended Rule 30(b)(6) Notice of Videotaped Deposition Duces Tecum states that the deposition will be videotaped by Plaintiff's counsel. Citing the District of Kansas Deposition Guidelines, Defendant objects to Plaintiff's counsel operating the video equipment. Deposition Guidelines No. 8(c) states as follows: "(c) Video Operator. The operator of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c)."[25] Federal Rule of Civil Procedure 28(c), which addresses disqualification, prohibits a deposition to be taken before a party's attorney.[26]

---

[22] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[23] *Seattle Times*, 467 U.S. at 36.

[24] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[25] D. Kan. General Practice Guidelines for Depositions No. 8(c).

[26] Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is

Plaintiff contends that the Guideline's prohibition on a party's attorney operating video equipment is contrary to and inconsistent with the Federal Rules of Civil Procedure. According to Plaintiff, the latter allow a deposition to be videotaped without restriction so long as the deposition is simultaneously recorded stenographically by a qualified court reporter.[27] Plaintiff correctly asserts courts in this District have not considered the issue, and cites a case from the District of Montana in which the court allowed Plaintiff's counsel to videotape a deposition over Defendant's objection when the deposition was also being recorded by a stenographer.[28]

In reply, Defendant does not address the case Plaintiff cites, nor does it cite other cases deciding the issue one way or the other.[29] The Court finds this to be a close question, but resolved

---

financially interested in the action.").

[27] Plaintiff cites Fed. R. Civ. P. 30(b)(3), which states as follows:

> (3) Method of Recording.
>
> (A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> (B) Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

[28] *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 555-56 (D. Mont. 2009). Plaintiff also contends the relevant issue is not whether counsel should be permitted to operate the equipment, but rather whether the videotape should be admissible at trial. At this point, the only issue ripe for decision is whether counsel should be permitted to operate the equipment.

[29] *E.g., C.G. v. Winslow Township Bd. of Ed.,* No. 13-6278, 2015 WL 3794578 (D.N.J. June 17, 2015) (district court denial of motion for review of magistrate judge order ruling plaintiff's counsel could not videotape deposition because counsel not an "officer" within meaning of Fed. R. Civ. P. 28(a)(2)); *Maranville v. Utah Valley Univ.*, No. 2:11cv958, 2012 WL 1493888 (D. Utah

by the District's Deposition Guidelines.   Plaintiff does not challenge the District Court's authority to issue such guidelines, which clearly are permitted under Fed. R. Civ. P. 83(b).[30]   The Court disagrees with Plaintiff's argument that the Guidelines are contrary to or in conflict with the relevant Federal Rules of Civil Procedure.   He argues that the Guidelines should not require all video recorded depositions to be stenographically recorded by a certified court reporter and video recorded because Fed. R. Civ. P. 30(b)(3)(A) only requires that deposition testimony "be recorded by audio, audiovisual, or stenographic means."   Rule 30(b)(3) speaks to the method of recording, but must be read in conjunction with Rule 28, which designates persons before whom depositions may be taken.   Specifically, a deposition must be taken before an officer authorized to administer oaths, but certain categories of people—including a party's attorney—are disqualified regardless of whether they otherwise qualify as an officer.[31]   The Guidelines permit someone who is not an officer to operate video equipment, but because Rule 28 requires the presence of an officer to administer oaths, the Guidelines require a court reporter to administer the oath and make clear that an official record will exist.[32]

---

April 27, 2012) (denying requested protective order to prohibit plaintiff's counsel from videotaping depositions where stenographer would also be present, but not ruling on admissibility of recordings); *see also O'Boyle v. Sweetapple*, No. 14-cv-81250, 2016 WL 3647599 (S.D. Fla. June 30, 2016) (Plaintiff videotaped all depositions himself with his own camera but would not produce a copy to Defendant's counsel upon request, which court would have precluded or regulated had it known of it before depositions occurred).

[30] While Fed. R. Civ. P. 83(a) authorizes a district court to promulgate local rules, Rule 83(b) also authorizes district court judges to "regulate practice in any manner consistent with federal law, rules [of procedure and evidence] adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."

[31] Fed. R. Civ. P. 28(a), (c).

[32] *See* Guidelines No. 8(a) ("The videotaped deposition shall be simultaneously recorded stenographically by a qualified court reporter.   The court reporter shall administer the oath or affirmation to the deponents on camera.   The written transcripts by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to

Given the broad discretion afforded the Court in deciding whether to grant Defendant's motion for protective order, consistent with Deposition Guidelines No. 8, and in the absence of controlling contrary authority, the Court finds a protective order preventing Plaintiff's counsel from operating video equipment during the Rule 30(b)(6) deposition is appropriate as a matter of law .

## IV.     Defendant's Objections to Documents Requested and Rule 30(b)(6) Deposition Topics

When a party seeks to depose a corporation or other entity, the notice of deposition "must describe with reasonable particularity the matters for examination."[33]   The areas of inquiry are also constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b).   For Rule 30(b)(6) "to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[34]   A notice for a Rule 30(b)(6) deposition that is not so constrained but is instead overly broad "subjects the noticed party to an impossible task."[35]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.   As recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

witness) and 30(f) (filing, exhibits).").

[33] Fed. R. Civ. P. 30(b)(6).

[34] *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).

[35] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

> Information within this scope of discovery need not be admissible in evidence to be discoverable.[36]

Although proportionality has long been a factor in ruling on discovery motions, the recent amendment to Rule 26 requires courts to be vigilant to concerns of proportionality.

Defendant objects to the manner in which Plaintiff has requested documents, arguing that the notice fails to describe with reasonable particularity each item or category of items to be inspected. While the Court agrees that Plaintiff's notice may have been better constructed, clearly what Plaintiff seeks is for the designee(s) to produce documents at the deposition regarding the topics set forth in the notice. Indeed, Defendant understands as much because it has voluntarily produced documents relating to those topics in advance of the deposition.[37] Accordingly, the Court will treat Defendant's objections to Plaintiff's topics as coterminous with Defendant's objections to documents.[38] The Court rules on the objections and sets forth below the reasons underlying each ruling.

### Topic Nos. 1, 2, 6, 7, 9, and 30

Defendant objects to these topics, in which Plaintiff seeks information concerning all employees or Defendant's policies as applied to all employees, as overbroad in that they are not limited to custodians. As Defendant explains in its objection to Topic No. 1:

> Defendant employs approximately 2,465 certified staff which include teachers and administrators, and 2,033 classified staff which include maintenance personnel, custodians, management employees and certain administrators. (Plaintiff was a custodian). These

---

[36] Fed. R. Civ. P. 26(b)(1).

[37] *See* ECF No. 46 at 7 n.4 ("Although defendant seeks a protective order on this issue, it has gratuitously produced to plaintiff, absent any deposition or other formal discovery request, many documents relating to the topics set forth in plaintiff's Deposition Notice in an effort to be forthcoming and cooperative in the discovery process.").

[38] *See* ECF No. 40 at 6-12 (setting forth Defendant's objections to 14 of 30 deposition topics).

> employees work in buildings throughout the district including 35 elementary schools, 9 middle schools, 4 high schools, Claire Learning Center, Harmony and Heartland Early Childhood Centers, Olathe Advanced Technical Center, Prairie Learning Center, West Dennis Learning Center and administrative buildings. Each building has separate administration who handles employment related matters. Response to the Interrogatory [sic] would require review of thousands of personnel files maintained throughout all of the District's buildings. Identifying each violator and the names of the supervisors and supervisory chain that considered or received report of the conduct, and the human resources employee who considered or received report of the conduct, and each individual consulted and/or involved in making the decision would require defendant to scour thousands of personnel files to first determine "alleged violators," and next what District employees played any role in the disciplinary decisions.
>
> Further, defendant is not able to determine of the custodians terminated prior to 2014, which ones were terminated due to job abandonment without reviewing the personnel files of all maintenance personnel because the software in use prior to that time did not make such a distinction. Counsel for defendant has reviewed the storage arrangements of the personnel files at issue and certifies that there are over 1700 files that would have to be reviewed to respond to this topic as it relates to custodians.[39]

The Court agrees that the topic should be limited to custodians. Defendant's explanation of its objections to these topics demonstrates that Defendant is taking a reasonable position. Requiring Defendant to produce documents to the extent Plaintiff seeks them would not be proportionate to the needs of the case and would subject Defendant to unnecessary burden and expense. Accordingly, the Court limits Topic Nos. 1, 2, 6, 7, 9, and 30 to those discussing custodians.

As to Topic Nos. 1, 6, 7, and 9, Defendant has designated a person or persons to testify about the topic and states that it has voluntarily produced responsive documents as they relate to custodians. Defendant indicates it has not produced documents responsive to Topic No. 2, which

---

[39] *Id.* at 6.

seeks testimony and documents for "instances in which an employee was not disciplined . . . or counseled as a result of missing one or more scheduled shifts without calling in for work within the past five years."[40]  Defendant explains that no disciplinary records exist for employees who were not disciplined, which is a logical explanation.  Accordingly, the Court sustains Defendant's objection to producing documents in response to Topic No. 2.  As for Topic No. 30, which addresses "Defendant's policies and practices regarding issuance of and accrual of compensatory time off in general since January 1, 2014 through the present, and as applied to Plaintiff,"[41] Defendant objects to the topic as overly broad and not properly limited in scope.  The objection makes no mention of documents, but Defendant designates two witnesses to testify about the topic as it relates to custodians.  If it has not already voluntarily produced documents on this topic as they relate to custodians, at the deposition Defendant shall produce documents relating to custodians in response to Topic No. 30.

### Topic Nos. 13 and 19

In Topic No. 13, Plaintiff seeks testimony and documents relating to "Plaintiff's hours of work, the amount of time worked, the compensation for such work and the scope and extent of Defendant's records regarding the same."[42]  Defendant objects on the basis that it is not properly limited in time, but designates a witness and states that it has produced documents relating to this topic.  In response, Plaintiff states that he is willing to limit the topic to his last five years of employment.  Defendant's reply does not acknowledge the time limitation, but instead states that because the request relates to Plaintiff's overtime claim under the Fair Labor Standards Act, the

---

[40] ECF No. 40-7 at 2.

[41] *Id.* at 5.

[42] *Id.* at 4.

period should be limited to October 27, 2012 until Plaintiff's last day of employment.  The Court disagrees.  Plaintiff also makes claims under the Family and Medical Leave Act and the Americans with Disabilities Act, with factual allegations relating to his hours and amount of time worked.  Plaintiff's last five years of employment is a reasonable time period for him to request testimony and relevant documents.  Therefore, if the witness Defendant has designated for this topic cannot provide testimony for that five-year period, Defendant shall supplement its designation.  Likewise, if Defendant has not provided documents relating to that same time period, it shall produce the documents at the deposition.

In Topic No. 19, Plaintiff seeks documents and testimony relating to "[t]he decision to issue Plaintiff compensatory time instead of wages as to certain overtime hours worked."[43] Defendant objects that it is overly broad in that the request does not identify the particular instances of overtime, and makes the same request that the period should be limited to begin on October 27, 2012, as that is the earliest date on which Plaintiff may assert a claim for wages pursuant to the Fair Labor Standards Act.[44]  The Court agrees that, to avoid unnecessary burden and expense, Defendant's witness and records responsive to Topic No. 19 should be limited to the period from October 27, 2012 to August 12, 2014.

**Topic No. 22**

In Topic No. 22, Plaintiff seeks "[t]he facts set forth and the source of the facts set forth in defendant's response to plaintiff's charge of discrimination."[45]  Defendant objects that the topic seeks information protected from disclosure by the attorney-client privilege and/or attorney work

---

[43] *Id.*

[44] *See* 29 U.S.C. § 255(a) (two year statute of limitations for action for overtime compensation, or three years if violation is willful).

[45] ECF No. 40-7 at 5.

product doctrine.   Defendant designates a witness who will testify on the topic to the extent information is not so protected.   In its reply, Defendant does not seek a protective order on this topic, but alerts the Court that information may be protected because Defendant's EEOC response was prepared by counsel and "[t]he facts set forth . . . should be protected from disclosure."

As Plaintiff correctly notes, facts which underlie a privileged communication are not privileged.[46]   Therefore, to the extent Plaintiff seeks facts, Defendant is required to provide discovery.   Plaintiff does not appear to expect Defendant to produce privileged information or documents subject to attorney-client privilege, and Defendant has not prepared a privilege log which would indicate documents exist as to which it claims privilege.   No protective order or further ruling is necessary as to Topic No. 22 at this time.

### Topic Nos. 5, 20, 21, 26, and 29

Although Defendant included objections to these topics in its motion, neither the motion nor the reply contain any argument beyond the stated objections.   More specifically, in its reply Defendant limits its request for protective order to the nine topics discussed above.[47]   Accordingly, the Court will not enter a protective order and makes no ruling on Defendant's objections to testimony or documents related to Topic Nos. 5, 20, 21, 26, and 29.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Protective Order and Objections to Plaintiff's Fourth Amended Rule 30(b)(6) Notice of Videotaped Deposition Duces Tecum (ECF No. 40) is **GRANTED** in part and **DENIED** in part.   Plaintiff's counsel shall not operate videotape equipment at the Rule 30(b)(6) deposition of Defendant.   Defendant shall

---

[46] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, Nos. 11-2684, -2685, -2686, 2014 WL 1569963, at *4 (D. Kan. April 18, 2014) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981)).

[47] ECF No. 46 at 7.

produce witnesses and documents at the deposition consistent with this order.   To the extent that complying with this order requires Defendant to designate any additional witness(es), Defendant shall identify the individual(s) and the topic(s) on which each such witness will testify in advance of the deposition.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Leave to File a Surreply to Defendant's Motion for Protective Order (ECF No. 49) is **GRANTED.**   Plaintiff shall forthwith file the surreply as contained in ECF No. 49-1.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge